### ESTATE OF J. C. BEIDEMAN.

No. 2042—May 12, 1874.

CUSTODY OF FUNDS BY ADMINISTRATOR.—An administrator is entitled to the custody of funds of the estate and may deposit them in bank to his credit; and unless it appears that he has used the funds for his own benefit, he will not be chargeable with interest, even though his accounts are not absolutely methodical.

COMMISSIONS OF ADMINISTRATOR.—Extra allowance made when the estate has been particularly laborious in management.

Construing sections, C. C. P., 1581, 1618.

*S. S. Wright,* for administrator.

*C. T. Botts,* for contestants.

By the COURT: The account of the administrator is contested, " because he has not accounted for interest on moneys of the estate which were mingled with his own funds and used for his own purposes." S. H. Parker was executor from July, 1865, till his death in March, 1866; W. R. Satterlee and J. W. Brumagim then administered until the death of Mr. Satterlee in December, 1866, since which Mr. Brumagim has been and is sole administrator. During Mr. Brumagim's sole administration he received and disbursed large sums of money. His receipts aggregate over $600,000, and at times he had large sums in hand. He made various deposits with banking institutions, not as special deposits, but in the way of accounts, and drew against the same in various sums at various times. The amounts and dates of moneys received and paid by him do not correspond with the amounts and dates of moneys deposited with and withdrawn from the banks; it does not clearly appear that no moneys of the estate were used for purposes other than for the estate; nor does it clearly appear that the administrator has mingled the funds of the estate with his own, or that he has used them for

his own purposes.   While the accounts have not been kept in such a methodical manner as that himself or any other person can give a satisfactory explanation of them in detail, yet I find nothing in them from which to question his integrity. This objection is overruled.

The administrator charges $27,104.79 as commissions. The entire estate administered upon is $752,570.14; the commissions upon which allowed by law are $30,232.80.   In 1868, in settling the accounts of the former administrators, $5,626 was allowed for S. H. Parker's share, and $5,626 for Satterlee and Brumagim.   The present administrator was a party to those allowances, and he is bound thereby.   He is entitled to the balance, $18,980.80, as his share.   He claims that he is entitled to extra compensation for extraordinary services.   Almost the entire property of the estate was involved in litigation.   That litigation was conducted by the administrator and his attorneys to a successful result, and the large sum of $752,570.14, in money and other property, has been realized, of which $426,985.77 has gone to devisees and legatees, and the remainder has been accounted for in the various accounts.   In my opinion, at least $200,000 has been added to the value of the estate by the manner in which the same was managed.   His extraordinary services for the three years from December, 1866, were of the value of $6,000, and he is allowed that sum.